NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210221-U

NO. 4-21-0221

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 6, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| JOHN DEERE 410G BACKHOE LOADER, | ) | No. 17MR101 |
| Defendant | ) | |
| (Michael L. Eyer and Judith Eyer, | ) | Honorable |
| Claimants-Appellants). | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

---

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court reversed and remanded with directions, concluding the trial court erred when it failed to hold "a full and fair evidentiary hearing" prior to denying claimants' motion to vacate judgment of the forfeiture of a John Deere 410G Backhoe Loader pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)).

¶ 2    Claimants, Michael L. Eyer and Judith Eyer, appeal the judgment of the trial court denying their motion to vacate default judgment of the forfeiture of a John Deere 410G Backhoe Loader, vehicle identification number T0410GX900001, pursuant to section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2018)).

¶ 3    On appeal, claimants argue the trial court erred when it (1) dismissed their motion to vacate judgment pursuant to section 2-1401 of the Civil Code (*id.*) and (2) disregarded the requirement under Illinois Supreme Court Rule 13 (eff. July 1, 2017), to allow claimants 21 days to obtain new counsel. For the following reasons, we reverse and remand with directions.

¶ 4                                I. BACKGROUND

¶ 5                        A. Morgan County Case No. 17-TR-697

¶ 6            In April 2017, the State charged claimant, Michael L. Eyer, with driving on a

revoked license (DWLR) (625 ILCS 5/6-303 (West 2016)), alleging claimant drove his John

Deere backhoe loader on a public road at a time when his license was revoked. *People v. Eyer*,

No. 4-19-0513 (Dec. 7, 2020) (unpublished summary order under Illinois Supreme Court Rule

23(c)). In April 2019, claimant waived his right to a jury trial and the case proceeded to a May

2019 bench trial. *Id.* Following the May 2019 bench trial, the trial court found claimant guilty

of DWLR and later sentenced him to 45 days in jail, a $500 fine, and one year probation. *Id.*

¶ 7            In July 2019, claimant filed a *pro se* motion seeking a *People v. Krankel*, 102 Ill.

2d 181, 464 N.E.2d 1045 (1984)), hearing, where claimant argued (1) his privately retained

counsel was ineffective and (2) the "*Krankel* standard and procedures" should apply. See *Eyer*,

No. 4-19-0513 (Dec. 7, 2020) (unpublished summary order under Illinois Supreme Court Rule

23(c)). The trial court explained "that when a defendant has 'an attorney, *pro se* motions are not

to be considered, so it will be stricken for that purpose.' Thereafter, the trial court conducted a

hearing in which it denied [claimant's] posttrial motion and then sentenced him as earlier stated."

*Id.* Claimant appealed, and the State conceded remand was necessary "for the trial court to

conduct an appropriate *Krankel* hearing into [claimant's] *pro se* posttrial claims of ineffective

assistance of counsel." *Id.* Accordingly, in December 2020, our court issued an order

remanding the case to the trial court to conduct a *Krankel* inquiry into claimant's ineffective

assistance claim. *Id.*

¶ 8            On remand, the trial court conducted a hearing on March 24, 2021, where the trial

court asked claimant if he had "anything in addition to [the] motion [he] wish[ed] to add?"

*People v. Eyer*, No. 4-21-0231 (Dec. 8, 2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Claimant responded that he needed an attorney for the hearing but the trial court disregarded claimant's concerns and ultimately denied his *pro se* posttrial motion without allowing claimant the opportunity to say anything in support of his motion. *Id.* Claimant appealed, and the State again conceded remand was necessary for "the trial court to conduct an appropriate *Krankel* inquiry into [claimant's] *pro se* posttrial claims of ineffective assistance of counsel." *Id.* Accordingly, in December 2021, our court issued an order remanding the case to the trial court "with directions that (1) a new trial judge be assigned to the case and (2) the trial court conduct an inquiry into [claimant's] *pro se* posttrial claim of ineffective assistance of counsel." *Id.* Due to delays, claimant's appeal of his DWLR conviction has yet to be resolved.

¶ 9                                    B. Our Case

¶ 10          In June 2017, the State filed a verified complaint for forfeiture against a John Deere 410G Backhoe Loader (backhoe), vehicle identification number T0410GX900001, pursuant to section 36-1 of the Criminal Code of 2012 (720 ILCS 5/36-1 (West 2016)). In the complaint, the State sought forfeiture of the backhoe where on April 14, 2017, claimant was arrested for operating the backhoe at a time his driver's license was revoked for driving under the influence in violation of section 6-303(g)(1) of the Illinois Vehicle Code (625 ILCS 5/6-303(g)(1) (West 2016)). In August 2017, claimants filed an answer to the State's complaint for forfeiture and a jury trial demand. In January 2019, the trial court entered a docket order setting the matter for a February 27, 2019, hearing and notified the parties. Also, in January 2019, claimant's attorney, Monroe D. McWard, filed a motion to withdraw as counsel. At a

February 13, 2019, hearing, the court allowed Attorney McWard's motion to withdraw from the case.

¶ 11        On February 27, 2019, the trial court entered an order stating,

> "This matter was called for trial on 2/27/2019. Claimant
> was in Court on 1/23/19 when this case was set for trial on 2/27/19
> at 9:00 a.m. [Claimant] fails to appear for hearing and there has
> been no contact to the Court or S.A. office seeking a continuance.
> This matter has been pending for approximately 20 months. The
> State is ready to proceed with hearing and does so by proffer of
> police reports in lieu of calling live witnesses. This procedure is
> allowed since there is no one present to cross examine or question
> the witnesses. The Court did not proceed with a Jury Trial since
> [Claimant] failed to appear despite being personally told in open
> Court of the Trial date. The Court finds the right to a Jury trial is
> waived."

The court then went on to find the evidence showed that on Friday, April 14, 2017, at 8:24 p.m., claimant operated the backhoe, which was not equipped with a Breath Alcohol Ignition Interlock Device (BAIID), while his driver's license was suspended. The court noted claimant's permit allowed operation of a vehicle from 6 a.m. to 6 p.m. Monday through Sunday. Claimant "was allowed to operate a vehicle outside these timelines if the vehicle was equipped with a BAIID device." Further, the court acknowledged claimant's (1) "history of driving under the influence of alcohol" and (2) "history of committing similar offenses of operating work vehicles outside permit allowances." The court found the State met its burden by a preponderance of the

- 4 -

evidence and that no evidence was offered to contradict the factual allegations. Ultimately, the court determined forfeiture was necessary to prevent claimant from "continuing to operate [the backhoe] while suspended and within the parameters for which the permit was granted." On February 28, 2019, the court entered a written order of forfeiture ordering the vehicle returned to the Jacksonville Police Department for disposal of the vehicle.

¶ 12        On March 7, 2019, claimant, *pro se*, filed a motion to vacate judgment and stay forfeiture pursuant to section 2-1301(e) of the Civil Code (735 ILCS 5/2-1301(e) (West 2018)). On March 28, 2019, claimant, through new counsel, filed an amended motion to vacate judgment and stay forfeiture. In the motion, claimant alleged "that on or about February 18, 2019, Attorney McWard told [him] that the matter was continued and based upon that statement, [he] believed that the trial scheduled on February 28 [*sic*] was also being continued." Based on Attorney McWard's statement, on February 21, 2019, claimant went ahead with surgery on his shoulder and "was not physically capable of participating in a trial on February 27, 2019[,] even had he not believed that the trial in this cause had been continued." Further, claimant argued the trial court's judgment should be vacated based on the following reasons: (1) "the law abhors a default"; (2) a trial was scheduled within 21 days of the entry of the order of withdrawal; (3) claimant's "belief that the trial in this cause was continued"; (4) claimant's "belief that he has a meritorious defense"; and (5) even if he did not have a meritorious defense, the forfeiture of the backhoe violated the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) where the forfeiture was excessive based on the crime committed and the value of the item forfeited.

¶ 13        On April 1, 2019, claimant filed a post order motion seeking rehearing or retrial and to vacate the February 28, 2019, forfeiture order where the "backhoe was not used in the

commission of an offense within the meaning of 720 ILCS 5/36-1 and 625 ILCS 5/6-303(g)(1), and furthermore, the forfeiture of the backhoe in question violates the excessive fines provision of the eighth amendment of the United States Constitution." On April 12, 2019, the State filed (1) a response to claimant's amended motion to vacate judgment and stay forfeiture and post order motion and (2) a memorandum of law in support of its position on the amended motion to vacate judgment and stay forfeiture and post order motion. The State also filed a motion to strike the post order motion. On April 17, 2019, the trial court held a hearing on claimant's amended motion to vacate judgment and stay forfeiture and post order motion.

¶ 14       On April 26, 2019, the trial court filed a written order denying the amended motion to vacate and the post order motion. The court stayed the forfeiture order pending possible appeal. The court found claimant "did not file a motion to continue to obtain new counsel or advise the Court of intent to obtain new counsel." Further, the court stated claimant "chose to not appear and has provided no valid reason that prevented him from appearing. At hearing when the Court allowed the motion to withdraw there was no indication from [claimant] of a need for a continuance."

¶ 15       On May 28, 2019, claimant, *pro se*, filed a motion for reconsideration, a motion to stay the selling of the backhoe, and a notice of appeal. On May 29, 2019, the trial court found it had already ruled on the same motions on April 26, 2019, and it lacked jurisdiction to hear the claims because the motions were filed beyond "the 30-day period required to file." Further, the court stated it lacked jurisdiction to hear the claims because claimant filed a notice of appeal which divests the trial court of jurisdiction. On June 3, 2019, this court dismissed claimant's late notice of appeal "for failure to comply with Supreme Court Rules."

- 6 -

¶ 16         On April 10, 2020, claimants filed a motion to vacate judgment and a motion to add third party pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2018)). Claimants attached affidavits in support of their claims. In the motion, claimants argued the judgment of forfeiture and default should be reversed and the cause remanded where (1) forfeiture of the backhoe was improper due to the ownership of the backhoe, (2) Michael did not appear at the February 27, 2019, hearing under the mistaken, but good faith, belief that "this case had been continued to the same date his trial had been continued," and (3) Michael had a meritorious defense (a) for his failure to appear at the February 27, 2019, hearing and (b) to the traffic offense which was the predicate for the forfeiture of the backhoe. Specifically, claimants stated, "Although the traffic violation resulted in a conviction which resulted in a forfeiture claim; Michael Eyer believes he has a meritorious defense and that the traffic conviction will be reversed resulting in this cause of the backhoe being reversed." Claimants asserted Michael's traffic conviction in Morgan County case No. 17-TR-697 was currently on appeal in this court. On April 20, 2020, Judith Eyer filed a motion to add third party innocent claimant.

¶ 17         On April 23, 2020, claimants filed a memorandum in support of their motion to vacate default judgment. Attached to and incorporated into the memorandum were findings and recommendations made by a hearing officer who conducted a hearing on October 29, 2019, pursuant to section 2-118 of the Illinois Vehicle Code (625 ILCS 5/2-118 (West 2018)). Also attached and incorporated into the memorandum was an order issued by Jesse White, the Illinois Secretary of State, captioned as "In the Matter of the Revocation of the Driver's License and Driving Privileges of Michael L. Eyer." The Secretary of State's order concluded the hearing officer's findings of fact and conclusions of law were correct, and the order adopted those findings and conclusions along with the hearing officer's recommendation to grant Michael a

restricted driving permit. Included in the findings of fact and conclusions of law, which became the official position of the Secretary of State, were the following: (1) Michael's operation of his backhoe resulting in his conviction in Morgan County case No. 17-TR-697 was not a violation of the Illinois Vehicle Code, (2) Michael has remained abstinent from alcohol since 2009, (3) Michael had established an adequate ongoing support and recovery system, and (4) Michael carried his burden of proving he would be a safe and responsible driver.

¶ 18 Also, on April 23, 2020, the State filed a response to claimants' motion, arguing "[c]laimants bring no new evidence to the Court that would have resulted in the judgment not being entered." First, the State argued Judith should not be added as a third party where both Michael and Judith were parties to the matter from the outset of the case. Next, the State argued Judith was not the sole owner of the backhoe and even if Judith could prove she had ownership in the backhoe, the State argued Michael was the true owner of the backhoe because he alone drove the backhoe for business purposes. Further, the State argued, "while this petition is not appropriate to relitigate a defense, the State would disagree with Claimant's belief of a meritorious defense and would point out this Court previously heard evidence and argument regarding the underlying traffic matter and found Michael L. Eyer guilty of Driving on a Revoked License beyond a reasonable doubt on May 16, 2019." On May 1, 2020, claimants filed a reply to the State's response to claimants' motion to vacate judgment and motion to add third party. In July 2020, claimants withdrew their motion to add third party.

¶ 19 On March 24, 2021, following a deficient *Krankel* hearing on claimant's ineffective assistance claim in Morgan County case No. 17-TR-697, the trial court stated, "Thank you, madam court reporter. We do not need a court reporter for the forfeiture case." Subsequently, the trial court denied the motion to vacate judgment, stating in a written order

"Matters argued in the motion to vacate have been argued multiple times before. Any possible new claim certainly has not been brought with due diligence."

¶ 20    This appeal followed.

¶ 21                              II. ANALYSIS

¶ 22    On appeal, claimants argue the trial court erred when it (1) dismissed their motion to vacate judgment pursuant to section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2018)) and (2) disregarded the requirement under Illinois Supreme Court Rule 13 (eff. July 1, 2017) to allow claimants 21 days to obtain new counsel. The State argues the trial court did not abuse its discretion in dismissing claimants' section 2-1401 petition on the grounds that claimants included or could have included all of the claims in prior post order motions filed in the trial court. Specifically, the State asserts "[b]ecause the purpose of a Section 2-1401 petition is to bring to the trial court's attention facts not known to the defendant or the court at the time of the judgment that would have resulted in the judgment not being entered, the entirety of [claimants'] petition is inappropriate under the statute." For the following reasons, we reverse and remand with directions.

¶ 23    Section 2-1401 of the Civil Code "authoriz[es] a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31, 32 N.E.3d 1099. Proceedings under section 2-1401 must be brought no later than two years after the entry of the challenged order or judgment. 735 ILCS 5/2-1401(c) (West 2018). Additionally, section 2-1401 petitions must be "supported by affidavit or other appropriate showing as to matters not of record." *Id.* § 2-1401(b).

¶ 24          Here, claimants filed their motion to vacate judgment pursuant to section 2-1401

of the Civil Code (735 ILCS 5/2-1401 (West 2018)) within two years after the trial court's April

26, 2019, denial of claimants' amended motion to vacate and the post order motion.  Further,

claimants attached affidavits in support of their motion to vacate judgment.  Claimants also filed

a memorandum in support of their motion to vacate default judgment which incorporated

findings and recommendations of a hearing officer and an order issued by the Secretary of State.

¶ 25                              A. Standard of Review

¶ 26          "[A] section 2-1401 petition can present either a factual or legal challenge to a

final judgment or order."  *Warren County*, 2015 IL 117783, ¶ 31.  The supreme court has held

that "the nature of the challenge presented in a section 2-1401 petition is critical because it

dictates the proper standard of review on appeal."  *Id.*  When a section 2-1401 petition presents a

fact-dependent challenge to a final judgment rather than a purely legal challenge, the trial court's

"ultimate decision on the petition is reviewed for an abuse of discretion."  *Id.* ¶ 51; see also *Smith

v. Airoom, Inc.*, 114 Ill. 2d 209, 221, 499 N.E.2d 1381, 1386 (1986) ("Whether a section 2-1401

petition should be granted lies within the sound discretion of the circuit court, depending upon

the facts and equities presented.").  However, our supreme court has stated, "the abuse of

discretion standard is improper in section 2-1401 proceedings in which either judgment on the

pleadings or dismissal for failure to state a cause of action has been entered."  *People v. Vincent*,

226 Ill. 2d 1, 15, 871 N.E.2d 17, 27 (2007).

¶ 27          The parties disagree as to our standard of review.  Claimants appear to contend

we should review *de novo* the dismissal of the section 2-1401 petition.  However, claimants also

assert, "The standard of review to sustain a Section [2-]1401 Petition is a preponderance of the

evidence and a reviewing court will reverse the circuit court's judgment on the Petition only if it

constitutes an abuse of discretion." The State contends the trial court's ruling on a fact-dependent section 2-1401 petition will not be reversed on appeal absent an abuse of discretion. In response, claimants in their reply brief state, "It appears to be a combination of both standards because of the dismissal of the Petition without trial."

¶ 28 In claimants' motion to vacate judgment pursuant to section 2-1401 of the Civil Code, claimants argued the judgment of forfeiture and default should be reversed and the cause remanded where (1) forfeiture of the backhoe was improper due to the ownership of the backhoe, (2) Michael did not appear at the February 27, 2019, hearing under the mistaken, but good faith, belief that "this case had been continued to the same date his trial had been continued," and (3) Michael had a meritorious defense (a) for his failure to appear at the February 27, 2019, hearing and (b) to the traffic offense which was the predicate for the forfeiture of the backhoe. Specifically, claimants stated, "Although the traffic violation resulted in a conviction which resulted in a forfeiture claim; Michael Eyer believes he has a meritorious defense and that the traffic conviction will be reversed resulting in this cause of the backhoe being reversed." Based on claimants' contentions in the motion to vacate judgment, we find the claimants' section 2-1401 petition presented a fact-dependent challenge to a final judgment; thus, we review the trial court's dismissal of the motion to vacate for an abuse of discretion. See *Warren County*, 2015 IL 117783, ¶ 51.

¶ 29 B. Claimants' Section 2-1401 Petition

¶ 30 A fact-dependent challenge is "resolved by considering the particular facts, circumstances, and equities of the underlying case." *Id.* ¶ 50. In such cases, the moving or petitioning party "must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense;

- 11 -

and (3) due diligence in filing the section 2-1401 petition for relief." (Emphasis omitted.) *Id.* ¶ 51 (citing *Airoom*, 114 Ill. 2d at 220-21.) "The quantum of proof necessary to sustain a section 2-1401 petition is a preponderance of the evidence, and the circuit court's ultimate decision on the petition is reviewed for an abuse of discretion." *Id.* Additionally, "when the facts supporting the section 2-1401 petition are challenged by the respondent, a full and fair evidentiary hearing should be held." *Id.* "[T]he trial court may also consider equitable considerations to relax the applicable due diligence standards under the appropriate limited circumstances." *Id.*

¶ 31 To the extent claimants assert on appeal that the trial court dismissed their motion to vacate judgment without first holding "a full and fair evidentiary hearing" for them to address the State's responses to their motion to vacate judgment, we find claimants failed to raise this issue in the trial court. See *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675 (stating failure to raise an error in the trial court constitutes forfeiture). However, we chose to address claimants' contention of error. See *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36, 100 N.E.3d 482 ("[F]orfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue.").

¶ 32 Here, the record shows that at the March 24, 2021, hearing on claimants' section 2-1401 motion to vacate, the trial court first conducted a deficient *Krankel* hearing on claimant's ineffective assistance claim in Morgan County case No. 17-TR-697, then without explanation, the court dismissed the court reporter before the hearing on claimants' section 2-1401 petition, which was to commence immediately following the DWLR case. Specifically, the report of proceedings shows that at the March 24, 2021, hearing, the court stated, "Thank you, madam court reporter. We do not need a court reporter for the forfeiture case."

- 12 -

¶ 33    While the trial court in a written order denied claimants' section 2-1401 petition and stated, "Matters argued in the motion to vacate have been argued multiple times before. Any possible new claim certainly has not been brought with due diligence," we find nothing in the record suggests an evidentiary hearing was held on claimants' section 2-1401 petition. Because noting in the record suggests the court held an evidentiary hearing, we have no way of knowing what evidence the trial court considered in denying claimants' section 2-1401 motion to vacate. Thus, the combination of the trial court's failure to conduct a proper *Krankel* hearing immediately prior to addressing claimants' section 2-1401 petition and the record's silence as to the evidence considered at the hearing lead us to conclude that "a full and fair evidentiary hearing" was not held prior to the court denying claimants' section 2-1401 motion to vacate.

¶ 34    Accordingly, we find the trial court erred when it denied claimants' motion to vacate judgment pursuant to section 2-1401. While we need not reach the merits of claimants' 2-1401 petition, we note that claimant's May 28, 2019, *pro se* notice of appeal from the trial court's April 26, 2019, order denying claimant's amended section 2-1301 motion to vacate was timely. We reverse the trial court's judgment and remand for further proceedings.

¶ 35                                  III. CONCLUSION

¶ 36    For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 37    Reversed and remanded with directions.