2025 IL App (2d) 240314
No. 2-24-0314
Opinion filed March 18, 2025

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-MX-675 |
| ONE BLACK 2016 JEEP WRANGLER UNLIMITED, | ) ) ) ) | |
| Defendant | ) ) | Honorable Tiffany E. Davis, |
| (McKinley J. Kramer, Claimant-Appellant). | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Justices McLaren and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Claimant, McKinley J. Kramer, appeals from the trial court's denial of his motion for the return of a black 2016 Jeep Wrangler (Jeep), which the State sought to subject to nonjudicial forfeiture under the provisions of the Drug Asset Forfeiture Procedure Act (Forfeiture Act) (725 ILCS 150/1 *et seq.* (West 2020)). Claimant argues that (1) the trial court erred in denying his motion for return of the Jeep and striking his verified claim indicating his interest in the Jeep and (2) the forfeiture of the Jeep was an unconstitutionally excessive fine. We reject claimant's first contention and will not address the second.

¶ 2                                          I. BACKGROUND

¶ 3     On August 8, 2022, the McHenry County Sheriff's Office arrested claimant for, *inter alia*, unlawful possession of a controlled substance (see 720 ILCS 570/402, 505 (West 2020)) and seized his Jeep. An affidavit in support of forfeiture by McHenry County Sheriff's Detective Clesceri described the circumstances of claimant's arrest, as follows. Working with information from another deputy, Clesceri stated that claimant and two others were implicated in a series of area retail thefts. Clesceri and another detective set up surveillance at an address associated with claimant, observed the Jeep exit a garage, and stopped the Jeep for traffic violations. At the scene of the stop, a used crack pipe was observed in plain view, and a subsequent search of the entire vehicle yielded approximately three grams of suspected heroin, less than one gram of suspected cocaine, various "prescription pills," packaging materials, other crack pipes, and $700 in cash. The State later forfeited the cash without contest from claimant. Claimant was arrested. A search of his person revealed, in his crotch area, a small plastic bag, which contained substances weighing approximately 1.3 grams that field tested positive for heroin/fentanyl, as well as other controlled substances in pill form. A search of the residence, surveilled pursuant to a warrant, revealed packaging materials, scales, and drug paraphernalia.

¶ 4     The next day, the McHenry County State's Attorney opened this matter (No. 22-MX-675) and filed a notice and motion for a hearing under section 3.5 of the Forfeiture Act. 725 ILCS 150/3.5 (West 2020). The motion sought a preliminary determination of probable cause for forfeiture of the Jeep. At the August 19, 2022, hearing on the State's motion, the trial court found probable cause for the forfeiture of the Jeep. Claimant did not appear at the hearing, but notice is not an issue. On the same day, the State sent claimant a notice of pending forfeiture, the receipt of which is not in dispute.

¶ 5      On October 5, 2022, an attorney filed his appearance in this matter as claimant's counsel. On November 9, 2022, claimant filed an unsigned, unverified claim challenging the forfeiture of the Jeep. At a later court hearing, his attorney explained that claimant was in treatment out of state, with the permission of the felony court. On November 15, 2022, claimant filed a signed, verified claim, again challenging the forfeiture of the Jeep. Neither of the claims was served on the state's attorney.

¶ 6      This matter was continued from time to time and one of the orders indicates this file was "follow[ing] the felony" charge. On January 4, 2023, the trial court entered a continuance order indicating that the State had, that day, served Claimant in open court with a "declaration of forfeiture on 22-MX-670." (This matter is denominated No. 22-MX-675.) On April 17, 2023, claimant filed a motion for the return of the Jeep. In that motion, claimant noted that "[i]t has been more than 28 days" since the filing of his unverified and verified claims. He complained that the State, following his filing of a verified claim, had failed to file a complaint to initiate a judicial *in rem* forfeiture proceeding.

¶ 7      That same day, the State filed a combined response to claimant's motion for the return of the Jeep and a "Motion for Forfeiture." In its filing, the State asserted that, on August 19, 2022, the same day the trial court found probable cause, the State properly sent by certified mail a notice of pending forfeiture, per section 6(A) of the Forfeiture Act (725 ILCS 150/6(A) (West 2020)), to claimant's last known address, which it represented was "signed for" on August 22, 2022. The State argued that section 6(C)(1) of the Forfeiture Act (725 ILCS 150/6(C)(1) (West 2020)) required claimant to file his verified claim with the state's attorney within 45 days of the effective date of the notice of pending forfeiture. The State noted that claimant filed his verified claim 85 days after the effective date of notice and did not file it with the state's attorney. Accordingly, the

State asked the trial court to (1) strike the verified claim as untimely, (2) deny the motion for the return of the Jeep, and (3) grant forfeiture of the Jeep under section 6(D) of the Forfeiture Act (725 ILCS 150/6(D) (West 2020)).

¶ 8    Following numerous continuances, on January 23, 2024, the trial court conducted a hearing on claimant's motion for the return of the Jeep and the State's response. At the hearing, the State represented that claimant was served with the notice of pending forfeiture at claimant's last known address on August 13, 2022, and that the notice was also delivered to his parents' address on August 22, 2022. The State noted that, no matter which date of service was used to calculate the 45 days, both claimant's verified and unverified claims were untimely. It also pointed out that there was no notice of the filing of the verified claims to the state's attorney's office, and it represented that it became aware of the claims only when the motion for return of the Jeep was filed. Accordingly, the State asked that the claims be stricken and the matter removed from the court's docket.

¶ 9    In response, claimant conceded that he never sent his verified claims to the state's attorney. Claimant argued that, even though his verified claims were filed "85 days after the effective date of notice of pending forfeiture," because the State had not declared the Jeep forfeited under section 6(D) of the Forfeiture Act, the State should be barred from now seeking forfeiture, despite claimant's failure to file his claim within the required 45 days. According to claimant, "you can't forfeit it now because you didn't forfeit it then." He also contended that public policy required that the case be decided on its merits.

¶ 10    Following the parties' arguments, the trial court ruled. Addressing the State's motion to declare a forfeiture of the Jeep, the court stated, "I don't believe that the Court—because it's a non-judicial proceeding—can enter a judgment of forfeiture." The State responded, "That's

correct, Your Honor. That's my fault. We can just indicate it's disposed and off call if we could." Responding to claimant's attorney's argument that the State should not be allowed to pursue nonjudicial forfeiture because it had not declared the Jeep forfeited under section 6(D) of the Forfeiture Act, the court said,

> "What you're requesting, [counsel], is not within the body of the statute. There's not another paragraph E or some other paragraph after that that says, failure of the state to comply with paragraph 6(D) then means that it reverts back to a—a judicial-able (sic) claim for the property. I'm not seeing that."

The court entered a written order (1) denying the motion for the return of the Jeep, (2) striking the November 15, 2022, claim as untimely, and (3) striking the November 9, 2022, claim as both unverified and untimely. The order further stated that the "matter [was] disposed and taken off call."

¶ 11    Following the denial of his motion to reconsider, claimant filed a timely notice of appeal.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, claimant raises two arguments: (1) the striking of his verified claim was an unjust and inequitable "default judgment" and (2) the forfeiture of his Jeep violated the excessive-fines and proportionality protections of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII), which protections are incorporated into section 505(c) of the Illinois Controlled Substances Act (Controlled Substances Act) (720 ILCS 570/505(c) (West 2020)) and section 9.5 of the Forfeiture Act (725 ILCS 150/9.5 (West 2020)).

¶ 14                    A. The Drug Asset Forfeiture Procedure Act

¶ 15    Resolving this appeal requires a review of the Forfeiture Act, which is based upon the federal narcotics civil forfeiture statute. 725 ILCS 150/2 (West 2020). The General Assembly

enacted the Forfeiture Act to deter violations of the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 2020)) and certain other drug control acts. See 725 ILCS 150/2, 3 (West 2020); *People ex rel. Kelly v. Sixteen Thousand Five Hundred Dollars ($16,500) United States Currency*, 2014 IL App (5th) 130075, ¶ 17. The Forfeiture Act established "uniform procedures for the seizure and forfeiture of drug-related assets." *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 17. The first step in a forfeiture is the seizure. Section 3.1(c)(4) of the Forfeiture Act (725 ILCS 150/3.1(c)(4) (West 2020)) states:

> "(c) Personal property subject to forfeiture under [any of the relevant acts] may be seized by *** any peace officer without process:
>
> * * *
>
> (4) if there is probable cause to believe that the property is subject to forfeiture under [any of the referenced drug control acts], and the property is seized under circumstances in which a warrantless seizure or arrest would be reasonable[.]"

Section 3.1(e) provides that, "[a]fter seizure under this Section, notice shall be given to all known interest holders that forfeiture proceedings, including a preliminary review, may be instituted and the proceedings may be instituted under [the Forfeiture] Act." 725 ILCS 150/3.1(e) (West 2020).

¶ 16    The second step is preliminary review. Section 3.5 of the Forfeiture Act governs the "[p]reliminary review." 725 ILCS 150/3.5 (West 2020). It provides that, "[w]ithin 14 days of the seizure, the State shall seek a preliminary determination from the circuit court as to whether there is probable cause that the property may be subject to forfeiture." 725 ILCS 150/3.5(a) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 20. Under section 3.5(e), "[u]pon making a finding of probable cause as required under this Section, the circuit court shall order the property

subject to the provisions of the applicable forfeiture Act held until the conclusion of any forfeiture proceeding." 725 ILCS 150/3.5(e) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 20.

¶ 17    If real property or non-real property that exceeds $150,000 in value is seized, the State's Attorney "shall institute judicial *in rem* forfeiture proceedings as described in Section 9 of [the Forfeiture] Act [(725 ILCS 150/9 (West 2020))]." 725 ILCS 150/6 (West 2020). But for personal property that does not exceed $150,000 in value, section 6 of the Forfeiture Act mandates nonjudicial forfeiture proceedings. 725 ILCS 150/6 (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 21.

¶ 18    Under section 6(A),

"[i]f, after review of the facts surrounding the seizure, the State's Attorney is of the opinion that the seized property is subject to forfeiture, then, within 28 days of the receipt of notice of seizure from the seizing agency, the State's Attorney shall cause notice of pending forfeiture to be given to the owner of the property and all known interest holders of the property in accordance with Section 4 of [the Forfeiture] Act." 725 ILCS 150/6(A) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 21.

Thus, the third step in a nonjudicial forfeiture is the notice of pending forfeiture described in section 6(A). Section 6(B) sets forth the information the notice of pending forfeiture must include. 725 ILCS 150/6(B) (West 2020).

¶ 19    Section 6(C) provides, "[a]ny person claiming an interest in property which is the subject of [the] notice under subsection (A) of this Section may, within 45 days after the effective date of notice ***, file a verified claim with the State's Attorney expressing his or her interest in the property." 725 ILCS 150/6(C)(1) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075,

¶ 22. The verified claim must contain certain elements. See 725 ILCS 150/6(C)(1)(i)-(viii) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 22. The verified claim furnishes a mechanism for a claimant to avert the nonjudicial forfeiture and requires the State's Attorney to file a court proceeding. The Forfeiture Act states that if a claimant files a verified claim, "the State's Attorney shall institute judicial *in rem* forfeiture proceedings within 28 days after receipt of the claim." 725 ILCS 150/6(C)(2) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 22.

¶ 20    Section 6(D) imparts the fourth and final step of a nonjudicial forfeiture, the declaration of forfeiture. Section 6(D) states that,

"[i]f no [verified] claim is filed within the 45-day period as described in subsection (C) of this Section, the State's Attorney shall declare the property forfeited and shall promptly notify the owner and all known interest holders of the property and the Director of the Illinois Department of State Police of the declaration of forfeiture and the Director shall dispose of the property in accordance with law." 725 ILCS 150/6(D) (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 22.

¶ 21    After property is declared forfeited under section 6(D), anyone with an interest in the property has an additional opportunity to avert the nonjudicial forfeiture. See *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 23. Section 14 of the Forfeiture Act provides that anyone with an interest in forfeited property

"may, within 30 days of the effective date of the notice of the declaration of forfeiture, file a claim as described in subsection (C) of Section 6 of [the Forfeiture] Act. If a claim is filed under this Section, then the procedures described in Section 9 of [the Forfeiture] Act

shall apply." 725 ILCS 150/14 (West 2020); *People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 23.

¶ 22    Section 9 of the Forfeiture Act governs judicial *in rem* forfeiture proceedings. 725 ILCS 150/9 (West 2020); see *People v. One Thousand Two Hundred Forty Dollars ($1,240), United States Currency*, 396 Ill. App. 3d 665, 670 (2009). As discussed above, these proceedings are required if property seized "is non-real property that exceeds $150,000 in value excluding the value of any conveyance, or is real property, *or a claimant has filed a claim under subsection (C) of Section 6 of [the Forfeiture] Act*." (Emphasis added.) 725 ILCS 150/9 (West 2020). The State institutes judicial forfeiture "by filing a verified complaint for forfeiture in the circuit court within whose jurisdiction the seizure occurred." 725 ILCS 150/9(A) (West 2020). The judicial *in rem* complaint must be filed "as soon as practicable, but not later than 28 days after the filing of a verified claim by a claimant if the property was acted upon under a nonjudicial forfeiture action, or 28 days after the State's Attorney receives notice from the seizing agency \*\*\*, whichever occurs later." 725 ILCS 150/9(A) (West 2020). Thereafter, the claimant has 45 days to file an answer. 725 ILCS 150/9(C), (E) (West 2020). The rules of evidence related to civil actions apply, except that hearsay is allowed for certain issues. 725 ILCS 150/9(A-5), (B) (West 2020). Absent enumerated circumstances, the State's burden of proof is by a preponderance of the evidence. 725 ILCS 150/9(G), (G-10) (West 2020).

¶ 23                              B. Claimant's Arguments

¶ 24                              1. Order Striking His Verified Claim

¶ 25    Turning to the merits of this appeal, we begin with the first of claimant's two arguments in this court—claimant's contention that the trial court's January 23, 2024, order striking his verified claim was an unjust and inequitable "default judgment."

¶ 26    We first point out the error in claimant's use of the term "default judgment" to describe the trial court's order striking his verified claim. Claimant suggests that the January 23, 2023, order was a "default judgment" as understood in section 2-1301(d) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(d) (West 2020)), which states, in relevant part, that a "[j]udgment by default may be entered for want of an appearance[ ] or for failure to plead." He then suggests that sections 2-1301(e) and 2-1401 of the Code (735 ILCS 5/2-1301(e), 2-1401 (West 2020)) provide authority for disturbing the trial court's January 23 order. Section 2-1301(e) states: "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2020). Section 2-1401(a) provides for "[r]elief from final orders and judgments" in certain circumstances. 735 ILCS 5/2-1401(a) (West 2020). Claimant's argument assumes that the State initiated a judicial *in rem* forfeiture proceeding governed by the Code. It did not.

¶ 27    Here, the State proceeded with a nonjudicial forfeiture. No judicial *in rem* forfeiture proceeding was instituted. The Forfeiture Act authorizes a nonjudicial forfeiture for personal property, like the Jeep, that does not exceed $150,000 in value (see 725 ILCS 150/6 (West 2020)). At the hearing on January 23, 2024, from which this appeal is taken, the trial court recognized that it lacked authority to dispose of the property because this case involves a nonjudicial forfeiture. And, so, it declined the State's request to enter a judgment of forfeiture. The court's order entered that day was simply not a judgment—default or otherwise—disposing of the property, because the case was proceeding as a nonjudicial forfeiture.

¶ 28    Parroting the language of section 2-1401 (see *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986) (explaining that relief under section 2-1401 requires a showing of "a meritorious defense

or claim" and due diligence in both the original action and in bringing the motion)), claimant asserts that he had a "meritorious defense" to forfeiture, which he suggests the Code entitled him to present. He argues:

> "The four counts of controlled substances [he] was charged with [*sic*] items found on his person, both in his pockets and in the crotch of his pants. He was charged with possession of drugs. He was not charged with delivery or possession with intent to deliver. The vehicle did not assist in the transportation of the drugs for which he was charged."

Because claimant includes no record citations for these assertions, he has forfeited our consideration of his defense. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (an argument that does not cite the record is forfeited on appeal).

¶ 29 However, as we have suggested, there is a more fundamental problem with claimant's contention. On January 23, 2024, when claimant presented his motion for the return of the Jeep, the court had no authority to consider a defense to forfeiture because the case was proceeding as a nonjudicial forfeiture, not as a judicial *in rem* proceeding, where any defenses could be litigated. *Cf. People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van*, 177 Ill. 2d 314, 319-20 (1997) (discussing the State's argument that the claimant's answer in a judicial *in rem* forfeiture proceeding failed to identify defenses relied upon).

¶ 30 Claimant cites *People v. John Deere 410G Backhoe Loader*, 2022 IL App (4th) 210221-U, "for an extensive procedural history related to an Article 36 [(*i.e.*, article 36 of the Criminal Code of 2012 (720 ILCS 5/art. 36 (West 2016))] forfeiture and a [section] 2-1401 petition to vacated [*sic*] default judgment." *John Deere* is not analogous. In that case, the claimant filed a section 2-1401 petition to vacate a default judgment in a judicial *in rem* proceeding initiated by the State's verified complaint. *John Deere*, 2022 IL App (4th) 210221-U, ¶¶ 10, 11, 16. In this

case, there was no judgment—default or otherwise—of forfeiture, as a judicial *in rem* proceeding had not been initiated.

¶ 31     In this nonjudicial forfeiture, first, the State filed a motion to establish probable cause for the forfeiture of the Jeep. See 725 ILCS 150/3.5 (West 2020). Second, once the trial court found probable cause for the forfeiture, the State timely served claimant via certified mail with a notice of pending forfeiture, as per the nonjudicial forfeiture provisions of the Forfeiture Act. See 725 ILCS 150/6(A) (West 2020). Pursuant to section 6(C), claimant had 45 days after the effective date of the notice of pending forfeiture to file a verified claim, after which the State would have been required to file a judicial *in rem* proceeding. See 725 ILCS 150/6(C) (West 2020). In that case, claimant could presumably raise the issues he attempts to raise here. But he did not timely file a verified claim, nor does he contend here that he did.

¶ 32     In this court, claimant implies, in support of his argument that he was improperly defaulted, that the State should have taken further steps to proceed with the forfeiture of the Jeep. He states: "At no point prior to April 17, 2023 [(the date claimant filed his motion for the return of the Jeep)], did the State take any action to default [claimant], nor did the State file any pleading or motion seeking to end the case and forfeit the [Jeep]." If this argument contends that the State's failure to take the final step of declaring the forfeiture (see 725 ILCS 150/6(D) (West 2020)) by the January 23, 2024, hearing prevents it permanently from doing so, it is forfeited.

> "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error." (Internal

quotation marks omitted.) *Enbridge Pipeline (Illinois), L.L.C. v. Murfin*, 2020 IL App (5th) 160007, ¶ 72.

¶ 33    Forfeiture aside, the argument was made a bit more clearly in the trial court when claimant's attorney argued that the State should be barred from seeking forfeiture—"you can't forfeit it now because you didn't forfeit it then." But, as the trial court pointed out,

"What you're requesting, [counsel], is not within the body of the statute. There's not another paragraph E or some other paragraph after that that says, failure of the state to comply with paragraph 6(D) [(that discusses the declaration of forfeiture)] then means that it reverts back to a—a judicial-able (sic) claim for the property. I'm not seeing that."

¶ 34    We read section 6, relating to nonjudicial forfeiture, as allowing two periods of time when a claimant in a nonjudicial forfeiture may make a verified claim, avert the nonjudicial forfeiture, and force the State to file a judicial *in rem* proceeding: first, within 45 days after the effective date of the notice of pending forfeiture (see 725 ILCS 150/6(C) (West 2020)); second, within 30 days of the effective date of notice of the declaration of forfeiture. See 725 ILCS 150/14 (West 2020). In this case, claimant's verified claim was filed after the lapse of the first period and before the second period arose.

¶ 35    Section 6(D) of the Forfeiture Act provides that, "[i]f no claim is filed within the 45-day period as described in subsection (C) of this Section, the State's Attorney shall declare the property forfeited and shall promptly notify" potential claimants. See 725 ILCS 150/6(D) (West 2020). That declaration of forfeiture had not occurred at the time of the denial of claimant's motion for return of the Jeep. We assume that promptly after the decision in this appeal, the State's Attorney will proceed as the statute directs, declare the forfeiture, give appropriate notice, and trigger the 30-day

"additional opportunity" (*People ex rel. Kelly*, 2014 IL App (5th) 130075, ¶ 23) provided by section 14 of the Forfeiture Act. 725 ILCS 150/14 (West 2020).

¶ 36    We note that the State's brief in this court argues that the State had declared the forfeiture of the Jeep and that claimant failed to avail himself of the second opportunity to require the State to file a judicial *in rem* proceeding. This is an argument never raised by the Assistant State's Attorney in the trial court and is thus forfeited here. But a review of the record in this case reveals a more fundamental error in the State's position. The record makes it clear that the declaration of forfeiture served upon claimant in open court on January 4, 2023, related to 22-MX-670, which the State was careful to provide, not this matter, which is 22-MX-675. Publicly available court records show that No. 22-MX-670 was used to administer the probable cause hearing in the nonjudicial forfeiture of the $700 also found in claimant's Jeep. We may take judicial notice of a public record that is a part of the records of another court. *Primax Recoveries, Inc. v. Atherton*, 365 Ill. App. 3d 1007, 1012 (2006).

¶ 37    Additionally, claimant asserts that the trial court "erred in its interpretation of [the Forfeiture Act]," but he does not identify any provision that the court misconstrued. While it is true that "forfeitures are not favored and *** forfeiture statutes must be strictly construed in favor of the property owner" (*People ex rel. Neal v. Ryan*, 284 Ill. App. 3d 318, 325 (1996)), his argument does not cite any specific provision of the Forfeiture Act. These "bare contention[s]" (*People v. Smith*, 2023 IL App (3d) 230060, ¶ 67), unsupported by argument and citation to appropriate legal authority, violate the rules of procedure and render this argument forfeited (see *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12). Claimant also raises some general assertions regarding equity and due process. None of these contentions are developed into proper argument. Accordingly, they are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020);

*Enbridge Pipeline (Illinois), L.L.C.*, 2020 IL App (5th) 160007, ¶ 72; *1205 Milwaukee LLC v. Cole*, 2025 IL App (1st) 241467-U, ¶¶ 32, 33 (outlining the test to determine a violation of procedural due process and finding an argument forfeited for failure to specify the test).

¶ 38    For the foregoing reasons, we reject claimant's contention that the striking of his verified claim was an unjust and inequitable "default judgment."

¶ 39                    2. Claimant's Proportionality Argument

¶ 40    We now examine claimant's contention that the forfeiture of the Jeep violates constitutional protections against excessive fines. As claimant notes, the United States Supreme Court held in *Timbs v. Indiana*, 586 U.S. 146, 151 (2019), that the fourteenth amendment (U.S. Const., amend. XIV) incorporates, and applies to the states, the eighth amendment's excessive-fine clause. Even before *Timbs* was decided, section 9.5 of the Forfeiture Act incorporated eighth amendment protections. See 725 ILCS 150/9.5 (West 2020) ("Property forfeited under this Act shall be subject to an 8th Amendment to the United States Constitution disproportionate penalties analysis and the property forfeiture may be denied in whole or in part if the court finds that the forfeiture would constitute an excessive fine in violation of the 8th Amendment to the United States Constitution, as interpreted by case law."); see also 720 ILCS 570/505(b) (West 2020) ("Property subject to forfeiture under [the Controlled Substances Act] may be seized under the [Forfeiture Act]. In the event of seizure, forfeiture proceedings shall be instituted under the [Forfeiture Act].").

¶ 41    "It is well-settled that a punitive forfeiture of property violates the excessive fine clause of the eighth amendment if it is grossly disproportional to the gravity of the offense for which it is forfeited." *People v. One 2014 GMC Sierra*, 2018 IL App (3d) 170029, ¶ 43. In determining whether a forfeiture constitutes an excessive fine under the eighth amendment, courts consider the

following nonexclusive factors: "(1) the inherent gravity of the offense compared with the harshness of the penalty, (2) whether the property was an integral part of the commission of the crime, and (3) whether the criminal activity involving the property was extensive in terms of time and/or spatial use." *One 2014 GMC Sierra*, 2018 IL App (3d) 170029, ¶ 43.

¶ 42    Claimant's argument consists entirely of a reference to the estimated value of his Jeep ($24,975) and the bare assertion that "[n]o [e]ighth [a]mendment analysis can reasonably support the proposition that the forfeiture of a vehicle worth an estimated $24,975 is not an excessive fine." This argument, which relies on half of one prong (harshness of the penalty) of a (nonexclusive) three-prong test, is forfeited. We cannot say that the value of the Jeep alone makes the forfeiture an excessive fine. Mere contentions, without argument or citation to authority, do not merit consideration on appeal. *Hall*, 2012 IL App (2d) 111151, ¶ 12.

¶ 43                               III. CONCLUSION

¶ 44    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 45    Affirmed.

*People v. One Black 2016 Jeep Wrangler Unlimited*, **2025 IL App (2d) 240314**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 22-MX-675; the Hon. Tiffany E. Davis, Judge, presiding. |
| **Attorneys for Appellant:** | William J. Bligh, of Law Office of William J. Bligh, P.C., of Woodstock, for appellant. |
| **Attorneys for Appellee:** | Patrick D. Kenneally, State's Attorney, of Woodstock (Patrick Delfino, Edward R. Psenicka, and Clare Wesolik Connolly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |