NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 230189-U

NO. 4-23-0189

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| JOHN DEERE 410G BACKHOE LOADER, | ) | No. 17MR101 |
| Defendant | ) | |
| (Michael L. Eyer and Judith Eyer, | ) | Honorable |
| Claimants-Appellants). | ) | Christoper E. Reif, |
| | ) | Judge Presiding. |

---

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding claimants had not established any error
with respect to the trial court's denial of their motion to vacate after an evidentiary
hearing.

¶ 2    In June 2017, the State filed a verified complaint for forfeiture against a John Deere

410G backhoe loader (backhoe), vehicle identification number T0410GX900001, pursuant to

section 36-1 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/36-1 (West 2016)). After

a February 2019 hearing, the trial court entered an order of forfeiture.

¶ 3    In April 2020, claimants, Michael L. Eyer and Judith Eyer, filed a motion to vacate

the forfeiture pursuant to section 2-1401 of the Code of Civil Procedure (Civil Code) (735 ILCS

5/2- 1401 (West 2020)). After a February 2023 evidentiary hearing, the trial court entered an order

denying claimants' motion to vacate.

¶ 4    Claimants appeal, arguing the trial court erred in denying their section 2-1401 motion to vacate where (1) the underlying judgment is void, (2) Michael had a reasonable excuse for failing to appear at the forfeiture hearing based upon his physical condition at the time of the hearing and the representations made to him by his counsel, (3) the court violated Illinois Supreme Court Rule 13 (eff. July 1, 2017) by proceeding to a forfeiture hearing within 21 days of the withdrawal of counsel, (4) the court improperly held the right to a jury trial was waived by Michael's failure to appear at the forfeiture hearing, (5) the court improperly relied upon inadmissible police reports to support its finding of forfeiture, (6) Judith is an innocent owner of the backhoe, (7) Michael "committed no charged traffic offense," and (8) the forfeiture amounts to excessive punishment in violation of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII). For the reasons that follow, we affirm.

¶ 5                                    I. BACKGROUND

¶ 6    In April 2017, the State charged Michael with driving on a revoked license (DWLR) (625 ILCS 5/6-303 (West 2016)) in Morgan County case No. 17-TR-697. *People v. Eyer*, No. 4-19-0513 (Dec. 7, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The State alleged Michael drove his backhoe on a public road at a time when his license was revoked. *Id.*

¶ 7    In June 2017, the State filed in the instant case, Morgan County case No. 17-MR-101, a verified complaint for forfeiture against the backhoe pursuant to section 36-1 of the Criminal Code (720 ILCS 5/36-1 (West 2016)). The State alleged, on April 14, 2017, Michael was arrested for operating the backhoe at a time his driver's license was revoked for driving under the influence in violation of section 6-303(g)(1) of the Illinois Vehicle Code (625 ILCS 5/6-303(g)(1) (West 2016)).

¶ 8        In July 2017, attorney Monroe McWard entered an appearance on behalf of Michael in the forfeiture case.

¶ 9        In August 2017, McWard filed a verified answer to the State's complaint for forfeiture and a jury trial demand on behalf of both Michael and Judith.

¶ 10        In December 2017, the trial court entered an order concerning the release of the backhoe during the pendency of the forfeiture case. The order stated:

> "By agreement of the parties, the conveyance is to be released to respondents and they are to post 10% of [its] value in [the] amount of $3500.00 with the clerk of the court.
>
> It is the order of the court to release the conveyance during the pendency of this case."

Thereafter, $3,500 was posted, and the backhoe was released.

¶ 11        In July 2018, the trial court addressed a motion to dismiss in the traffic case. McWard, who appeared on behalf of Michael, explained the motion was based upon a claim that Michael did not commit the charged offense because he was acting within the terms of his driving permit, or, alternatively, he was not required to have a driver's license or permit to drive the backhoe. Following a September 2018 hearing, the court denied the motion to dismiss.

¶ 12        On January 18, 2019, McWard filed a motion to withdraw as counsel for Michael in both the traffic and forfeiture cases because of alleged "philosophical differences" between him and Michael.

¶ 13        On January 23, 2019, the trial court entered a docket order setting the forfeiture case for a February 27, 2019, hearing.

¶ 14        On February 6, 2019, the trial court entered a docket order setting McWard's

motion to withdraw as counsel for a February 13, 2019, hearing.

¶ 15        On February 13, 2019, the trial court conducted a hearing on McWard's motion to withdraw as counsel. Michael was present at the hearing. McWard explained the relationship between him and Michael was "irretrievably broken down" and provided examples. Michael, in response, acknowledged having a prior disagreement with McWard but stated he did not want him to withdraw as his counsel. The court allowed McWard to withdraw in the forfeiture case but denied the request in the traffic case.

¶ 16        On February 27, 2019, the trial court entered an order in the forfeiture case. The court initially stated the following in the order:

> "This matter was called for trial on 2/27/2019. [Michael] was in Court on 1/23/19 when this case was set for trial on 2/27/19 [at] 9:00 a.m. [Michael] fails to appear for hearing and there has been no contact to the Court or [state's attorney] office seeking a continuance. This matter has been pending for approximately 20 months. The State is ready to proceed with hearing and does so by proffer of police reports in lieu of calling live witnesses. This procedure is allowed since there is no one present to cross examine or question the witnesses. The Court did not proceed with a Jury Trial since [Michael] failed to appear despite being personally told in open Court of the Trial date. The Court finds the right to a Jury trial is waived."

The court then went on to find the evidence showed, on Friday, April 14, 2017, at 8:24 p.m., Michael operated the backhoe, which was not equipped with a breath alcohol ignition interlock device (BAIID), while his driver's license was suspended. The court noted (1) Michael's "permit" allowed operation of a vehicle from 6 a.m. to 6 p.m. Monday through Saturday and (2) Michael "was allowed to operate a vehicle outside these timelines if the vehicle was equipped with a BAIID

device." Further, the court acknowledged Michael's (1) "history of driving under the influence of alcohol" and (2) "history of committing similar offenses of operating work vehicles outside permit allowances." The court indicated these histories were allowed "to address the questions the Court has regarding the taking of property with a significant value in comparison to the crime charged." The court found the State met its burden by a preponderance of the evidence and that no evidence was offered to contradict the factual allegations. Ultimately, the court determined forfeiture was necessary to prevent Michael from "continuing to operate [the backhoe] while suspended and within the parameters for which the permit was granted."

¶ 17        On February 28, 2019, the trial court entered an order of forfeiture, ordering the backhoe to be returned to the Jacksonville Police Department within seven days for disposal. The order noted if the backhoe was not returned within seven days, the cash security previously posted for its release would also be forfeited.

¶ 18        On March 7, 2019, Michael, *pro se*, filed a motion to vacate and stay forfeiture pursuant to section 2-1301(e) of the Civil Code (735 ILCS 5/2-1301(e) (West 2018)).

¶ 19        On March 28, 2019, attorney David E. Leefers entered an appearance on behalf of Michael in the forfeiture case and filed an amended section 2-1301 motion to vacate and stay forfeiture. In the amended motion, Michael alleged (1) he posted the cash bond for the release of the backhoe during the pendency of the case and (2) "On February 13, 2019, the Motion to Withdraw was allowed and, contrary to Rule 13(c), this cause was set for trial on February 27, 2019." Michael further alleged (1) "on or about February 18, 2019, Attorney McWard told [him] that the matter was continued and based upon that statement, [he] believed that the trial scheduled on February 28 [*sic*] was also being continued" and (2) [o]n February 21, 2019, he, based on McWard's statement about a continuance, had surgery on his shoulder and "was not physically

- 5 -

capable of participating in a trial on February 27, 2019[,] even had he not believed that the trial in this cause had been continued." Michael sought a vacatur based on the following: (1) "the law abhors a default," (2) a trial was scheduled within 21 days of the entry of the order of withdrawal, (3) he believed "the trial in this cause was continued," (4) "he has a meritorious defense," and (5) even if he did not have a meritorious defense, the forfeiture of the backhoe violated the eighth amendment (U.S. Const., amend. VIII) where the forfeiture was excessive based on the crime allegedly committed and the value of the item forfeited, which was "approximately $35,000."

¶ 20        On April 1, 2019, Michael, through Leefers, filed a postorder motion seeking a rehearing or retrial and vacatur of the forfeiture where the "backhoe was not used in the commission of an offense within the meaning of 720 ILCS 5/36-1 and 625 ILCS 5/6-303(g)(1), and furthermore, the forfeiture of the backhoe in question violates the excessive fines provision of the eighth amendment of the United States Constitution."

¶ 21        On April 12, 2019, the State filed a response to Michael's amended motion to vacate and stay forfeiture and postorder motion and a memorandum of law in support. The State also filed a motion to strike the postorder motion as untimely.

¶ 22        On April 17, 2019, the trial court held a hearing on Michael's amended motion to vacate and stay forfeiture and postorder motion.

¶ 23        On April 26, 2019, the trial court entered a written order (1) denying Michael's amended motion to vacate and postorder motion and (2) staying the forfeiture pending possible appeal.

¶ 24        In May 2019, the trial court conducted a bench trial in the traffic case. *Eyer*, No. 4-19-0513 (Dec. 7, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The court found Michael guilty of DWLR. *Id.*

¶ 25 On May 15, 2019, Leefers filed a motion to withdraw as counsel for Michael in the forfeiture case due to "irreconcilable differences." Following a May 16, 2019, hearing, at which Michael agreed with the withdrawal, the trial court granted the motion.

¶ 26 On May 28, 2019, Michael, *pro se*, filed in the forfeiture case a motion for reconsideration, a motion to stay the selling of the backhoe, and a notice of appeal. On May 29, 2019, the trial court found it had already ruled on the same motions on April 26, 2019, and it lacked jurisdiction to hear the claims because the motions were filed beyond "the 30-day period required to file." Further, the court stated it lacked jurisdiction to hear the claims because claimant filed a notice of appeal. On June 3, 2019, this court dismissed Michael's notice of appeal "for failure to comply with Supreme Court Rules." Michael did not challenge the dismissal.

¶ 27 In July 2019, Michael filed a *pro se* motion in the traffic case seeking a hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), to address a claim of ineffective assistance. *Eyer*, No. 4-19-0513 (Dec. 7, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The trial court explained "that when a defendant has 'an attorney, *pro se* motions are not to be considered, so it will be stricken for that purpose.' " *Id.* Thereafter, the court conducted a hearing at which it denied a posttrial motion and then sentenced Michael to 45 days in jail, a $500 fine, and one year of probation. *Id.* Michael appealed. *Id.* at 2.

¶ 28 On April 10, 2020, claimants, Michael and Judith, through newly retained counsel, Michael Costello, filed a section 2-1401 motion to vacate (735 ILCS 5/2-1401 (West 2020)) in the forfeiture case. (Costello has continued to represent claimants in the forfeiture case through this appeal.) In the motion, claimants argued "the judgment of forfeiture and default [should] be reversed and the cause remanded" where (1) Judith was an "innocent owner" of the backhoe and (2) Michael had a meritorious defense (a) for his failure to appear at the forfeiture hearing and

(b) to the traffic offense which was the predicate for the forfeiture of the backhoe. With respect to their claim concerning Judith, claimants alleged Judith purchased the backhoe in 2001 and continued to pay on a loan that was taken out for the backhoe and other machinery. Claimants further alleged Judith "paid the State $3,500 during the pendency of this action and requests it[ ]s return." As for their claim concerning Michael, claimants asserted, with respect to Michael's failure to appear at the forfeiture hearing, he (1) was under the mistaken but good faith belief that "this case had been continued to the same date his trial [in the traffic case] had been continued" and (2) was unable to attend the forfeiture hearing due to his recovery from a surgery. Further, with respect to the predicate traffic offense for the forfeiture, claimants asserted Michael believed the traffic conviction would be reversed because he was not required to have a driver's license or permit to operate the backhoe pursuant to section 6-102(4) of the Illinois Vehicle Code (625 ILCS 5/6-102(4) (West 2016)). Claimants attached personal affidavits in support of their claims.

¶ 29　　　　On April 23, 2020, claimants filed a memorandum in support of their section 2-1401 motion to vacate. In the memorandum, claimants argued "there is no statutory authority for the traffic violation." Attached to and incorporated into the memorandum were findings and recommendations made by a hearing officer who conducted a hearing on October 29, 2019, concerning the issuance of a restricted driving permit (625 ILCS 5/2-118 (West 2018)). Also attached and incorporated into the memorandum was an order issued by Jesse White, the then Illinois Secretary of State, captioned as "In the Matter of the Revocation of the Driver's License and Driving Privileges of Michael L. Eyer." The Secretary of State's order concluded the hearing officer's findings of fact and conclusions of law were correct, and the order adopted those findings and conclusions, along with the hearing officer's recommendation to grant Michael a restricted driving permit. Included in the findings of fact and conclusions of law, which became the official

position of the Secretary of State, was the following statement:

> "Petitioner's last arrest on April 14, 2017[,] for driving on a revoked/suspended license appears to have been in error by the arrest[ing] officer. Petitioner was operating a backhoe tractor on this date within the scope of his [restricted driving permit], however the arresting officer stopped the Petitioner and arrested him for [DWLR]. There is no basis or legal reason for him to have been arrested according to [the Illinois Vehicle Code] and permit rules. *** This topic has been discussed with Legal Attorney Marc Loro and the General Counsel of the Secretary of State's Office and was found that the ticket was not justified or a valid violation given that the Petitioner was driving within the scope of his [restricted driving permit]."

The findings also included: (1) Michael has remained abstinent from alcohol since 2009, (2) Michael had established an adequate ongoing support and recovery system, and (3) Michael carried his burden of proving he would be a safe and responsible driver.

¶ 30        Also, on April 23, 2020, the State filed a response to claimants' section 2-1401 motion to vacate, arguing, "Claimants bring no new evidence to the Court that would have resulted in the judgment not being entered." First, the State argued Judith was a party to the matter from the outset and failed to exercise due diligence in pursuing any ownership claim. Additionally, the State argued Michael was the "true owner" of the backhoe. Further, the State argued claimants were attempting to improperly "relitigate" prior claims and, even if allowed to do so, it "would disagree with [claimants'] belief of a meritorious defense and would point out this Court previously heard evidence and argument regarding the underlying traffic matter and found [Michael] guilty of [DWLR] beyond a reasonable doubt on May 16, 2019."

¶ 31        In December 2020, this court issued an order remanding the traffic case to the trial court to conduct a *Krankel* inquiry into Michael's ineffective assistance claim. *Eyer*, No. 4-19-0513 (Dec. 7, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 32        In March 2021, the trial court conducted a combined hearing in the forfeiture and traffic cases. First, with respect to the remand in the traffic case pursuant to *Krankel*, the court asked Michael if he had "anything in addition to [the] motion [he] wish[ed] to add." Michael responded he needed an attorney for the hearing. The court disregarded Michael's concerns and ultimately denied his *pro se* posttrial motion without allowing Michael the opportunity to say anything in support of his motion. After addressing the traffic case, the court stated, "Thank you, madam court reporter. We do not need a court reporter for the forfeiture case." In a written order, the court denied claimants' section 2-1401 motion to vacate, stating, "Matters argued in the motion to vacate have been argued multiple times before. Any possible new claim certainly has not been brought with due diligence." Michael appealed in the traffic case, and claimants appealed in the forfeiture case.

¶ 33        In December 2021, this court issued an order remanding the traffic case to the trial court "with directions that (1) a new trial judge be assigned to the case and (2) the trial court conduct an inquiry into [Michael's] *pro se* posttrial claim of ineffective assistance of counsel." *People v. Eyer*, No. 4-21-0231 (Dec. 8, 2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 34        In July 2022, this court issued an order reversing and remanding the forfeiture case to the trial court to conduct " 'a full and fair evidentiary hearing' " on claimants' section 2-1401 motion to vacate. *People v. John Deere 410G Backhoe Loader*, 2022 IL App (4th) 210221-U, ¶ 33.

¶ 35        In November 2022, the trial court, with a new judge assigned to the traffic case,

conducted a *Krankel* hearing. *People v. Eyer*, No. 17-TR-697 (Cir. Ct. Morgan County, Nov. 4, 2022), *available at* https://www.judici.com/courts/cases/case_history.jsp?court=IL069015J&ocl=IL069015J,2017TR697,IL069015JL2017TR697D1; *People v. Dyer*, 2024 IL App (4th) 231524, ¶ 11 (taking judicial notice of information contained on "judici.com"). The court found "a factual basis" for Michael's *pro se* ineffective assistance claim and appointed new counsel to represent him on that claim. *Eyer*, No. 17-TR-697.

¶ 36    In February 2023, the trial court, with the same judge who previously presided over the forfeiture case, conducted an evidentiary hearing on claimants' section 2-1401 motion to vacate. Before allowing evidence, the court entertained and denied claimants' oral motion to continue the case until the traffic case was resolved.

¶ 37    Claimants presented three exhibits in support of their motion. The first exhibit was a receipt from 2001 for the purchase of the backhoe. The receipt indicates it was purchased by Eyler Construction, Inc. (Eyler Construction), for $89,875 and the amount owed after a trade in was $38,781.25. The second exhibit was a purchase order from 2004 for an item sold to Eyler Construction. The third exhibit was a note from July 2019 between Michael and Judith.

¶ 38    Judith testified in support of claimants' motion. Judith explained she initially owned Eyler Construction, but then Michael took ownership "around 2000." The backhoe was purchased in 2001, after Michael took ownership of Eyler Construction. Judith explained the backhoe was purchased with a trade in of another backhoe owned by Eyler Construction and funds from a home equity loan. The home equity loan was obtained by Michael and used to purchase several items of machinery. Judith testified she has continued to make payments on the home equity loan for Michael. Judith testified she continued to do "all the paperwork and everything" for Eyler Construction, but Michael did "the actual work." Judith has never operated the backhoe.

Judith asserted she owned the backhoe "[a]t the time of the Default Judgment" and was never advised of the forfeiture hearing. Judith acknowledged she was represented by McWard at the time of the forfeiture hearing. In June 2019, Judith made a demand to Michael for money owed to her. Judith estimated the backhoe was worth approximately $45,000 or $50,000.

¶ 39 Michael likewise testified in support of claimants' motion. With respect to his failure to appear at the forfeiture hearing, Michael explained McWard had indicated a continuance had been granted, which made him believe the forfeiture case had been continued. Michael acknowledged McWard only represented him on the traffic case when the statement about a continuance was made. Michael also explained he underwent surgery shortly before the forfeiture hearing and did not believe he would "have been any help" at the hearing because he was "on some very strong drugs for the pain." As for the underlying traffic offense, Michael testified he had a "work permit" from "the Secretary of State" when he was arrested. As for the ownership of the backhoe, Michael asserted Judith owned the backhoe, but he had an "interest" in it because it was purchased with his home equity loan.

¶ 40 Based upon the evidence presented, claimants argued (1) Michael made a "mistake" by failing to appear at the forfeiture hearing, (2) Judith did not know of the forfeiture hearing, (3) Judith was an "innocent holder," and (4) the forfeiture was unconstitutional, as it constituted an excessive fine.

¶ 41 The trial court entered an order denying claimants' section 2-1401 motion to vacate. The court found:

> "Claimants[ ] present no reliable evidence to support their burden to grant their motion. Claimants[ ] have provided no new facts or evidence, not known to them at the time of the judgment that would have resulted in the judgment not being

- 12 -

entered. In fact, the evidence argued has been repeatedly argued in the past and thus was known prior to the judgment being entered. Perhaps most troubling is, there is no mention regarding [Judith's] failure to appear or contest these matters when now, the testimony is *** that she is the owner of the property. The Court has serious concerns with the credibility of the claimaints[ ] while testifying."

¶ 42　　　　In March 2023, claimants filed a timely notice of appeal in the forfeiture case. Thereafter, the trial court, with the newly assigned judge in the traffic case, vacated Michael's conviction. *People v. Eyer*, No. 17-TR-697 (Cir. Ct. Morgan County, Mar. 24, 2023), *available at* https://www.judici.com/courts/cases/case_history.jsp?court=IL069015J&ocl=IL069015J, 2017TR697,IL069015JL2017TR697D1. According to the online history, the State has not pursued the traffic charge against Michael since 2023. *Id.*

¶ 43　　　　This appeal followed.

¶ 44　　　　　　　　　　　　　　II. ANALYSIS

¶ 45　　　　On appeal, claimants argue the trial court erred in denying their section 2-1401 motion to vacate where (1) the underlying judgment is void, (2) Michael had a reasonable excuse for failing to appear at the forfeiture hearing based upon his physical condition at the time of the hearing and the representations made to him by his counsel, (3) the court violated Rule 13 by proceeding to a forfeiture hearing within 21 days of the withdrawal of counsel, (4) the court improperly held the right to a jury trial was waived by Michael's failure to appear at the forfeiture hearing, (5) the court improperly relied upon inadmissible police reports to support its finding of forfeiture, (6) Judith is an innocent owner of the backhoe, (7) Michael "committed no charged traffic offense," and (8) the forfeiture amounts to excessive punishment in violation of the eighth amendment. The State disagrees.

¶ 46    Section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2020)) provides "a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. "The purpose of section 2-1401 is to give litigants a chance after judgment is entered to present facts to the court that, if known at the time the judgment was entered, would have prevented the entry of judgment." *Giles v. Parks*, 2018 IL App (1st) 163152, ¶ 19. "[T]he proceeding is not intended to give the litigant a new opportunity to do that which should have been done in an earlier proceeding or to relieve the litigant of the consequences of her mistake or negligence." (Internal quotation marks omitted.) *In re Marriage of Goldsmith*, 2011 IL App (1st) 093448, ¶ 14.

¶ 47    To be entitled to relief under section 2-1401, a litigant generally must show by a preponderance of the evidence (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim, and (3) due diligence in filing the section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986); see *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 31 ("[A] section 2-1401 petition seeking to vacate a void judgment, a purely legal issue, does not need to establish a meritorious defense or satisfy due diligence requirements."). The litigant pursuing relief under section 2-1401 bears the burden of establishing a right to relief. *Smith*, 114 Ill. 2d at 221.

¶ 48    A trial court's ruling on a fact-dependent section 2-1401 motion to vacate will not be reversed absent an abuse of discretion. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 51. "The threshold for finding an abuse of discretion is a high one and will not be overcome unless it can be said that the trial court's ruling was arbitrary, fanciful, or unreasonable, or that no reasonable person would have taken the view adopted by the trial court."

*People v. Avendano*, 2023 IL App (2d) 220176, ¶ 66.

¶ 49        Claimants argue the trial court erred in denying their section 2-1401 motion to vacate where the underlying judgment is void. Claimants have not established error. Even entertaining claimants' argument, which they raise for the first time on appeal, they fail to explain why they believe the underlying judgment is void. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Our supreme court has only recognized two circumstances that result in a void judgment: (1) "the court that entered the final judgment lacked personal or subject matter jurisdiction" or (2) the judgment is "based on a facially unconstitutional statute that is void *ab initio*." *People v. Thompson*, 2015 IL 118151, ¶¶ 31-32. We find nothing in the record to suggest the trial court entered the judgment of forfeiture when it did not have jurisdiction or the judgment entered was based on a facially unconstitutional statute. Accordingly, we reject claimants' argument.

¶ 50        Claimants argue the trial court erred in denying their section 2-1401 motion to vacate where (1) Michael had a reasonable excuse for failing to appear at the forfeiture hearing based upon his physical condition at the time of the hearing and the representations made to him by his counsel and (2) the court violated Rule 13 by proceeding to a forfeiture hearing within 21 days of the withdrawal of counsel. Claimants have not established error. These issues were previously litigated as part of Michael's section 2-1303 motion to vacate and, therefore, are barred by *res judicata*. See *People v. Stoecker*, 2020 IL 124807, ¶ 29 ("Under the well-settled doctrine of *res judicata*, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (Internal quotation marks omitted.)). Additionally, the issue concerning the alleged Rule 13 violation was not raised during the section 2-1401 proceedings and, therefore, is also forfeited. See *Thompson*,

2015 IL 118151, ¶ 39 (concluding the defendant forfeited his as-applied challenge to his sentence by raising it for the first time on appeal). Accordingly, we reject claimants' arguments.

¶ 51 Claimants argue the trial court erred in denying their section 2-1401 motion to vacate where the court improperly (1) held the right to a jury trial was waived by claimants' failure to appear at the forfeiture hearing and (2) relied upon inadmissible police reports to support its finding of forfeiture. Claimants have not established error. Like the Rule 13 issue, these issues were not raised during the section 2-1401 proceedings and, therefore, are forfeited. See *id.* Accordingly, we reject claimants' arguments.

¶ 52 Claimants argue the trial court erred in denying their section 2-1401 motion to vacate where Judith was an innocent owner of the backhoe. Claimants have not established error. First, claimants do not explain why they could not have pursued this claim earlier. See *Smith*, 114 Ill. 2d at 222 ("[T]he petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment."). From the record, Judith was aware of the forfeiture proceedings. Moreover, the claim that Judith was the owner of the backhoe was based solely upon claimants' testimony, which the trial court found not to be credible. Claimants do not address, let alone challenge, the court's credibility determinations. Further, the evidence showed the backhoe was purchased by Eyler Construction (1) after Michael became its owner and (2) with a home equity loan obtained by Michael. We cannot say the court erred in rejecting the claim that Judith owned the backhoe. See *People v. One 2014 GMC Sierra*, 2018 IL App (3d) 170029, ¶ 37 ("In determining whether a person is an owner of a vehicle for the innocent-owner exemption, the trial court must look at all of the facts and circumstances involved."). Accordingly, we reject claimants' argument.

¶ 53 Claimants argue the trial court erred in denying their section 2-1401 motion to vacate where Michael "committed no charged traffic offense." Claimants have not established error. First, claimants do not address, let alone challenge, the authority cited by the State providing that a conviction is not required to pursue a vehicle forfeiture. See *People v. 1995 Ford Van, VIN 1FTJE34GOSHA15603*, 348 Ill. App. 3d 303, 309 (2004) ("[T]he claimant's criminal acquittal of the [driving under the influence] charge does not bar the State from pursuing the vehicle forfeiture."). Further, to the extent claimants rely upon the findings of the Secretary of State, they do not explain the significance of those findings and how they affect the prior findings at the forfeiture hearing. See *People v. Close*, 238 Ill. 2d 497, 509-10 (2010) (concluding the State is not required to prove that the defendant did not have a restricted driving permit to obtain a conviction for DWLR). Finally, claimants do not explain why they could not have pursued a claim based upon Michael's restricted driving permit earlier. See *Smith*, 114 Ill. 2d at 222. From the record, Michael was aware of such a claim, having argued it as part of his motion to dismiss in the traffic case. As the record stands, we cannot say the court erred in rejecting claimants' claim. Accordingly, we reject claimants' argument.

¶ 54 And last, claimants argue the trial court erred in denying their section 2-1401 motion to vacate where the forfeiture amounted to excessive punishment in violation of the eighth amendment (U.S. Const., amend. VIII). Claimants have not established error. Claimants assert, "Obviously, the worth of a backhoe is totally disproportionate to a traffic misdemeanor offense of a penalty or fine [and] falls under the protection of an innocent owner." First, to the extent their argument is premised on Judith being the owner of the backhoe, the trial court, as a factual matter, rejected this premise, which claimants do not challenge. Further, to the extent their argument is premised on the value of the backhoe as compared to the potential penalties of the traffic offense,

this issue was previously litigated as part of Michael's postforfeiture motions and, therefore, is barred by *res judicata*. See *Stoecker*, 2020 IL 124807, ¶ 29. Accordingly, we reject claimants' argument.

¶ 55    In sum, we conclude claimants have not established any error with respect to the trial court's denial of their motion to vacate after an evidentiary hearing.

¶ 56                    III. CONCLUSION

¶ 57    For the reasons stated, we affirm the trial court's judgment.

¶ 58    Affirmed.